

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00203-CR
### NO. 02-14-00204-CR
### NO. 02-14-00205-CR

COURTNEY ADAM WATTS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1236670D, 1236671D, 1236802D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Courtney Adam Watts appeals his conviction of possession of marijuana, five pounds or less but more than four ounces, in cause number 02-14-00203-CR, which contained a third-degree-felony-deadly-weapon enhancement notice; his conviction of possession with intent to deliver a

---

[1]*See* Tex. R. App. P. 47.4.

controlled substance, twenty-eight grams or more but less than 200 grams (alprazolam), in cause number 02-14-00204-CR, which contained a deadly weapon finding notice; and his conviction of possession with intent to deliver a controlled substance, twenty-eight grams or more but less than 200 grams (dihydrocodeinone), in cause number 02-14-00205-CR, which contained a deadly weapon finding notice. *See* Tex. Health & Safety Code Ann. §§ 481.114(c), .121(b)(3) (West 2010). Watts made open pleas of guilty to these offenses and pleas of true to the deadly weapon allegations, and the trial court sentenced him to eight years' confinement for each offense, to be served concurrently. *See id.* § 481.121(b)(3); Tex. Penal Code Ann. §§ 12.33–.34 (West 2011), § 12.35(c)(1) (West 2011 & Supp. 2014).

Watts's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in each case that meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Watts had the opportunity to file a pro se response but has not done so, and the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See* *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may

we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief in each case and have determined that based on the bill of costs in each case, the trial court's judgment requires correction with regard to the assessment of $344 in court costs. We may modify the judgment in an *Anders* appeal and affirm the judgment as modified. *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc); *see Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (stating that we review the assessment of court costs on appeal to determine if there is a basis for the cost); *see also* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006) ("A cost is not payable by the person charged with the cost until a written bill is produced . . . containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.").

Here, the trial court assessed $344 in court costs in each case, but the numerical cost breakdown by the district clerk's office supports an assessment of only $334 in each case. Therefore, we modify the trial court's judgment and the order to withdraw funds from Watts's inmate trust account in each case to reflect $334 in court costs.

Except for the bill of costs in each case, we agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support them. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28

(Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw in each case and affirm the trial court's judgments as modified.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  GARDNER, WALKER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015

4